IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT BUTLER,

       Plaintiff,

v.                                                                                  No. CIV 14-1019 RB/WPL

CITY OF LAS CRUCES, NEW MEXICO,
LAS CRUCES POLICE DEPARTMENT,
Officer DESIRAE CENICEROS, Officer
JAMES S. LEE, and Officer VERONICA
DE LA O,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

      Plaintiff Robert Butler alleges that his rights were violated when he was arrested by the Las Cruces Police Department. Defendants filed a motion for summary judgment. (Doc. 24.) Plaintiff filed a response more than six weeks after his response was due. Having reviewed the parties' submissions and the relevant law, the Court **GRANTS** the motion.

**I.    BACKGROUND**

      Plaintiff allegedly made several romantic overtures to gain the attention of Ms. Savonne Griffin, a bank manager in Las Cruces, New Mexico. (Pet. For Order of Protection at 4, 10, Doc. 29-1; McCord Aff. ¶¶ 5-6.) According to Ms. Griffin, Plaintiff had a delusional belief that he and Ms. Griffin were in a romantic relationship. (Pet. For Order of Protection at 10.) After Plaintiff contacted Ms. Griffin in March 2014, Ms. Griffin feared for her safety. (*Id.*) She filed a petition for protection with the state court in Doña Ana County. (*Id.* at 1-10.) On March 12, 2014, the state court filed a temporary restraining order against Plaintiff. *Griffin v. Butler*, 14-DV-113 (N.M. Dist. Ct. Mar. 12, 2014).

The court clerk filed the temporary restraining order and sent a copy to the Las Cruces Police Department. (TRO at 6, Doc. 29-2.) Defendant Officer James Lee served Plaintiff with the temporary restraining order. (Def.'s Resp. to Pl.'s Interrog. No. 5, Doc. 29-4.) On the first page of the temporary restraining order, it states, "The court ORDERS: (1) Respondent shall not write to, talk to, visit or contact the petitioner in any way except through petitioner's lawyer, if petition has a lawyer." (TRO at 1.)

On March 14, 2014, Plaintiff used a court form to respond and request that the petition be dismissed. (Resp. to TRO at 1, 6, Doc. 29-3; Butler Aff. ¶ 3, Doc. 31-1.) Plaintiff opened his response by stating that he had "read the following complaint(s) several times . . . ." (Resp. to TRO at 4.) In the response, Plaintiff complains that Ms. Griffin "got the wrong idea(s)," criticizes Ms. Griffin for not informing Plaintiff "that she was not available to date," suggests that Ms. Griffin may be dating her boss, and claims that Ms. Griffin's actions were illegal. (*Id.* at 4-5.) Plaintiff closes the narrative by stating, "Ms. Savonne C. Griffin and [her boss] WILL NOT BE ABLE A [sic] SHOP AND/OR ENTER ANY OF THE THREE WAL MARTS LOCATED IN LAS CRUCES, NEW MEXICO AS LONG AS THE RESTRAINING ORDER IS IN EFFECT!!!!!" (*Id.* at 5.)

When Plaintiff went to the clerk's office to file his response, the court clerk informed Plaintiff that he needed to serve the response on the petitioner. (Butler Aff. ¶ 3.) The response form provides that a respondent can serve the petitioner through first class mail. (Resp. to TRO.) Plaintiff mailed a copy of his response directly to Ms. Griffin at her place of employment. (*Id.* at 7.) When Ms. Griffin received Plaintiff's response on March 15, 2014, she called the police. (Ceniceros Aff. ¶ 8, Doc. 29-6.) Ms. Griffin reported that Plaintiff violated the temporary restraining order by sending the mailing. (*Id.*) The dispatched police officers, Defendant

Officers Desirae Ceniceros and Veronica De La O, interviewed Ms. Griffin and observed that she was frightened by Plaintiff. (Def.'s Resp. to Pl.'s Interrog. No. 5.) Ms. Griffin provided Defendant Ceniceros with a copy of the temporary restraining order, which included the express order forbidding Plaintiff from contacting Ms. Griffin. (Ceniceros Aff. ¶ 11.)

Defendant Officers Ceniceros and De La O decided to speak with Plaintiff. (*Id.* ¶ 12.) Defendant Officer Lee, who served Plaintiff with the restraining order, accompanied them. (*Id.* ¶ 13.) During the interview, Plaintiff advised the Defendant Officers that he read the temporary restraining order multiple times. (Def.'s Resp. to Pl.'s Interrog. No. 5.) After Plaintiff admitted mailing the response directly to Ms. Griffin, the Defendant Officers reminded Plaintiff that he could not write to, talk to, or visit Ms. Griffin. (*Id.*) Defendant Officer Lee advised Plaintiff that he had violated the temporary restraining order by mailing the response to Ms. Griffin. (*Id.*) Defendant Officer Ceniceros asked Plaintiff to put his hands behind his back. (*Id.*)

Defendant Officer Ceniceros informed Plaintiff that he was under arrest for violating the terms of the temporary restraining order. (*Id.*) After the arrest, Defendant Officer Ceniceros conducted a search incident to arrest. (*Id.*) The Defendant Officers first transported Plaintiff to the police station and then to the detention center. (*Id.*) Plaintiff was charged with violating a restraining order, a misdemeanor in violation of N.M. Stat. Ann. § 40-13-6. (Ceniceros Aff. ¶ 15). On May 1, 2014, the prosecutor dismissed the case. *State of New Mexico v. Butler*, No. M-14-VM-201400244 (N.M. Magis. Ct. May 1, 2014).

Plaintiff filed a civil complaint in this Court on November 11, 2014. (Compl., Doc. 1.) Defendants filed a motion for summary judgment on June 12, 2015. (Doc. 24.) Plaintiff's response was due on June 29, 2015. Six weeks past the due date, Plaintiff filed a response. (Doc. 31.) Plaintiff's response did not respond to Defendants' motion for summary judgment on

the state law claims (Doc. 31 at 10), and does not conform to the format required by the Local Rules. D.N.M.LR-Civ. 56.1(b).

## II.     LEGAL STANDARD

A party is expected to respond to a motion for summary judgment by showing, with factual citations, that the record establishes the presence of a genuine dispute of fact. Fed. R. Civ. P. 56(c)(1). "If a party fails to . . . properly address another party's assertion of fact as required by Rule 56(c), the court may" grant summary judgment against the party. Fed. R. Civ. P. 56(e)(3). However, a court may not grant a motion for summary judgment simply because the non-moving party failed to respond. *See Reed v. Bennett*, 312 F.3d 1190, 1193 (10th Cir. 2002). The non-moving party "*always* bears the initial responsibility" of showing that summary judgment is appropriate. *Id.* at 1194.

Summary judgment is appropriate if "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it could influence the determination of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a material fact is "genuine" if a reasonable trier of fact could return a verdict for either party. *Id.* If there is a genuine dispute of material fact, then the "facts must be viewed in the light most favorable to the nonmoving party . . . ." *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009).

## III.    DISCUSSION

Plaintiff brings four constitutional claims: unlawful seizure, unlawful detention, malicious prosecution, and a negligent training and supervision claim. (Compl. ¶¶ 23-33, 38-43.) Plaintiff also asserts five state law claims: false arrest, assault, battery, abuse of process, and unlawful search. (*Id.* ¶¶ 35-36.) In his late-filed response, Plaintiff dropped his claims for

4

denial of due process, unlawful invasion of privacy, intentional infliction of emotional distress, and negligent infliction of emotional distress.  (Doc. 31 at 5.)  The Court considers the merit of the remaining claims below.

### A.  Constitutional Claims

Invoking the doctrine of qualified immunity, the Defendant Officers seek summary judgment on Plaintiff's constitutional claims.  (Doc. 29.)  "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted).  To determine whether qualified immunity applies, courts consider two questions.  *See id.* at 236 (explicating the two-prong inquiry for qualified immunity).  First, did the defendants' actions violate the plaintiff's constitutional rights?  *See id.*  Second, was the complained-of constitutional violation "clearly established" such that a reasonable officer would have known that his conduct was unlawful?  *See Saucier v. Katz*, 533 U.S. 194, 202 (2001).  A plaintiff has the burden to show that the defendant is not protected by qualified immunity.  *Mecham v. Frazier*, 500 F.3d 1200, 1204 (10th Cir. 2007).

#### 1.  *Unlawful Seizure and Detention*

Plaintiff contends that the Defendant Officers unlawfully "seized and detained Plaintiff without reasonable suspicion or probable cause."  (Compl. ¶ 27; Doc. 31 at 5-12.)  To be considered constitutional, investigative detentions "must be supported by a reasonable suspicion of criminal activity."  *United States v. White*, 584 F.3d 935, 945 (10th Cir. 2009).  In parallel, arrests must be supported by probable cause.  *See Kaufman v. Higgs*, 697 F.3d 1297, 1300 (10th Cir. 2012).  "Probable cause exists if facts and circumstances within the arresting officer's

knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed . . . an offense." *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir. 2002).

The Defendant Officers claim that they had probable cause to speak to and arrest Plaintiff. (Doc. 27 at 24-25.) According to New Mexico law, a restrained person commits a misdemeanor if he violates an order of protection. N.M. Stat. Ann. § 40-13-6(E). Furthermore, "[a] peace officer may arrest without a warrant and take into custody a restrained party whom the peace officer has probable cause to believe has violated an order of protection . . . ." N.M. Stat. Ann. § 40-13-6(D). After interviewing Ms. Griffin, the Defendant Officers learned that Plaintiff was a restrained person who was not supposed to write to, speak to, or contact Ms. Griffin in any way. (Def.'s Resp. to Pl.'s Interrog. No. 5.) Despite the court order forbidding contact, Plaintiff mailed Ms. Griffin a response to her petition for a protective order. (*Id.*) Plaintiff's response was aggressive and frightened Ms. Griffin. (*Id.*; Resp. to TRO at 14-5.) These facts gave the Defendant Officers reasonable suspicion to speak to Plaintiff.

The Defendant Officers had probable cause to arrest Plaintiff. After reviewing the protective order, the Defendant Officers verified that Plaintiff was barred from writing to Ms. Griffin. (Def.'s Resp. to Pl.'s Interrog. No. 5.) During the interview with Plaintiff, the Defendant Officers confirmed that Plaintiff received and read the restraining order. (*Id.*) Plaintiff admitted that he mailed the response letter to Ms. Griffin. (*Id.*) In a strict reading of the prohibition, the mailing violated the terms of the restraining order. Thus, the Defendant Officers had probable cause to believe that Plaintiff violated the terms of a protection order. Under statute, officers may arrest violators of protection orders. N.M. Stat. Ann. § 40-13-6(D).

Plaintiff claims that Defendants did not have probable cause because the court clerk told him to mail his response to Ms. Griffin.  (Doc. 31 at 5-6.)  The Court acknowledges the contradiction in New Mexico law: the temporary restraining order form forbids restrained persons from writing to or contracting the petitioner "in any way," but the response form permits restrained persons to serve petitioners directly via mail.  (*Compare* TRO at 1, *with* Resp. to TRO at 7.)  Given the court clerk's alleged advice, Plaintiff may have a viable defense to the charge.  However, "[t]he potential availability of an affirmative defense" to a crime does not necessarily undermine the existence of probable cause.  *Barwick v. Behnke*, 548 F. App'x 516, 520 (10th Cir. 2013).  After all, probable cause does not require guilt beyond a reasonable doubt, only "something 'more than a bare suspicion'" that the suspect committed a crime.  *Stonecipher v. Valles*, 759 F.3d 1134, 1141 (10th Cir.), *cert. denied*, 135 S. Ct. 881 (2014).  Moreover, qualified immunity shields officers who "reasonably but mistakenly conclude" that a suspect violated the law.  *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

Plaintiff responds that under New Mexico law, reasonable mistakes of law are insufficient to establish reasonable suspicion.  (Doc. 31 at 7.)  The Court finds this position unpersuasive for two reasons.  First, the court applies federal law to federal-question claims.  *See Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 308 (2005) (explaining that complaints pleading federal causes of action invoke federal question jurisdiction).  Second, the New Mexico Court of Appeals recognizes that the cases Plaintiff cites are no longer good law.  *See State v. Dopslaf*, __ P.3d __, No. 33,682, 2015 WL 3929893, at *5 (N.M. Ct. App. June 24, 2015) (recognizing that *Heien v. North Carolina*, 135 S.Ct. 530 (2014) overturned New Mexico precedent established in *Anaya* and *Hubble*).  The New Mexico Court of Appeals adopted the Supreme Court's reasoning that confusing, difficult, or ambiguous

"question[s] of statutory interpretation' lend credence to the conclusion that an officer made a reasonable mistake of law." *Id.* at *5 (quoting *Heien*, 135 S.Ct. at 541 (Kagan, J., concurring)). The Court finds that the state court's service requirement was ambiguous given the temporary restraining order's communication prohibition, and vice versa. Given the contradictory court forms, if the Defendant Officers made a mistake of law, it was a reasonable one.

Based on the circumstances, the Court finds that the Defendant Officers had reasonable suspicion to detain Plaintiff and probable cause to arrest him. Because the Defendant Officers had the necessary level of suspicion to seize Plaintiff, Plaintiff's claims for unlawful seizure and detention fail as a matter of law. Defendants are entitled to summary judgment on these claims.

### 2. *Malicious Prosecution*

The constitutional tort of malicious prosecution "remedies detention . . . by *wrongful institution* of legal process." *Wallace v. Kato*, 549 U.S. 384, 390 (2007). False arrest claims and malicious prosecution claims both stem from unlawful seizures of a person. The defining distinction between the two claims is the initiation of legal process. *See Myers*, 738 F.3d at 1194. False arrests occur when an officer unreasonably seizes a suspect without a warrant. *See id.* In contrast, malicious prosecutions occur when a state official makes an unreasonable seizure buttressed by legal process. *See id.* All of the Complaint's allegations against the Defendant Officers occurred before the legal process was triggered. Plaintiff offers no evidence, nor does he make any allegations, about the Defendant Officers' conduct once the legal process was initiated. The Court can find no violation. Defendants are entitled to summary judgment.

### 3. *Negligent Training and Supervision Claim*

"[W]hen execution of a government's policy or custom . . . inflicts" a constitutional injury, then "the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc.*

*Servs.*, 436 U.S. 658, 694 (1978).  A plaintiff must "demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).  Here, Plaintiff has not shown that any of his federal rights were violated.  Thus, the Court dismisses Plaintiff's claim for negligent training and supervision.

### B.  State Law Claims

Plaintiff asserts five state law claims—false arrest, assault, battery, abuse of process, and unlawful search—which are all actionable torts under New Mexico's Tort Claims Act.  N.M. Stat. Ann. § 41-4-12 (waiving sovereign immunity for police officers who commit enumerated torts).  In his response brief, Plaintiff asks the Court to delay considering summary judgment for the state law claims until the parties have completed discovery.  (Doc. 31 at 10.)  The Court considers this to be an informal motion under Federal Rule of Civil Procedure 56(d).  Rule 56(d) permits courts to defer ruling on summary judgment "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."  Fed. R. Civ. P. 56(d).  To invoke this rule, the nonmovant must (1) file an affidavit; (2) identify "the probable facts not available and what steps have been taken to obtain these facts," and (3) "explain how additional time will enable him to rebut the movant's allegations of no genuine issue of material fact."  *F.D.I.C. v. Arciero*, 741 F.3d 1111, 1116 (10th Cir. 2013).  Plaintiff has not met any of these obligations.  Moreover, after reviewing the law and the undisputed facts in the record, the Court finds that Defendants are entitled to summary judgment.  Fed. R. Civ. P. 56(e)(3).

#### 1.  *Malicious Abuse of Process*

"One who uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed, is subject to liability to the other for harm

caused by the abuse of process." *Richardson v. Rutherford*, 787 P.2d 414, 420 (1990) (quoting Restatement (Second) of Torts § 682 (1977)).  The elements of malicious abuse of process are (1) improperly using a judicial proceeding; (2) an illegitimate, primary motive; and (3) damages. *Durham v. Guest*, 204 P.3d 19, 26 (N.M. 2009).  New Mexico recognizes two forms of malicious abuse of process.  *Id.*  Under the first theory, a defendant is liable for charging a plaintiff without probable cause.  *Id.*  For the second theory, the defendant is liable for misusing the legal system in a way "suggesting extortion, delay, or harassment."  *Id.*

Here, the Defendant Officers reasonably believed that they had probable cause when they arrested Plaintiff.  For that reason, Plaintiff cannot rely on the first theory of malicious abuse of process.  Plaintiff has not provided any allegations or evidence to suggest that the Defendant Officers' invocation of the legal process was irregular.  Given the undisputed facts, the second theory is also unavailable.  Defendants are entitled to summary judgment on this claim.

   2. *False Arrest and False Imprisonment*

Plaintiffs may use either false arrest or false imprisonment claims to challenge the lawfulness of an officer's seizure.  *See State v. Johnson*, 930 P.2d 1148, 1153 (N.M. 1996) (explaining the elements of a "wrongful arrest or a false imprisonment" claim).  Under New Mexico law, "[f]alse imprisonment consists of intentionally confining or restraining another person without his consent and with knowledge that he has no lawful authority to do so." *Romero v. Sanchez*, 895 P.2d 212, 215 (N.M. 1995) (quoting N.M. Stat. Ann. § 30-4-3).  As long as an officer could have reasonably believed that a detention was appropriate, a claim of false imprisonment will not lie.  *Id.* at 215-16; *see also Fuerschbach v. Sw. Airlines Co.*, 439 F.3d 1197, 1207 (10th Cir. 2006) ("A defendant possessed of a good faith and reasonable belief in the lawfulness of the action is not liable for false imprisonment or false arrest.").

As discussed above, the Defendant Officers reasonably believed that they had probable cause to interview and arrest Plaintiff. A "good faith and reasonable belief in the lawfulness of the action taken are defenses to a false arrest claim." *Perea v. Stout*, 613 P.2d 1034, 1039 (N.M. Ct. App. 1980) (citing *Steinbaugh v. Payless Drug Store, Inc.*, 401 P.2d 104, 105-06 (N.M. 1965)). The Court finds summary judgment appropriate on these claims.

### 3. Assault and Battery

Under New Mexico law, an assault is an "act, threat or menacing conduct which causes another person to reasonably believe that he is in danger of receiving an immediate battery." N.M. Stat. Ann. § 30–3–1(B). Battery is an "act[] intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact" when "an offensive contact with the person of the other directly or indirectly results." *State v. Ortega*, 827 P.2d 152, 155 (N.M. 1992) (citing Restatement (Second) Torts § 18).

The essence of Plaintiff's assault and battery claims appears to be that he was handcuffed. (Compl. ¶¶ 17-18.) "Officers, within reasonable limits, are the judges of the force necessary to enable them to make arrests or to preserve the peace. When acting in good faith, the courts will afford them the utmost protection . . . ." *See State v. Gonzales*, 642 P.2d 210, 213 (N.M. Ct. App 1982). "Police officers are not liable for battery if they acted in good faith and did not use more force than reasonably necessary to preserve the peace or effect an arrest." *Realivasquez v. City of Albuquerque*, No. 03-cv-15 MCA/KBM, slip op. at 9 (D.N.M. Mar. 8, 2004). Based on the undisputed facts, the Court finds that no reasonable juror could find the Defendant Officers liable for assault and battery.

### 4. *Unlawful Search*

Plaintiff challenges the Defendant Officers' search under New Mexico law. The New Mexico Constitution states, "The people shall be secure in their persons, papers, homes and effects, from unreasonable searches and seizures . . . ." N.M. Const. art. II, § 10. The Defendant Officers admit that they searched Plaintiff without a warrant during a search incident to arrest. Under the New Mexico Constitution, searches incident to arrest are exceptions to the warrant requirement "if the State meets its burden of proving that the search occurs as a contemporaneous incident to the lawful arrest of the defendant and is confined to the area within the defendant's immediate control." *State v. Armendariz-Nunez*, 276 P.3d 963, 966-67 (N.M. Ct. App. 2012) (collecting cases). First, the Court found above that the Defendant Officers lawfully arrested Plaintiff. Second, the Defendant Officers contend that the search was limited in nature to Plaintiff's person. (Doc. 27 at 15.) Plaintiff did not make any allegations or proffer any evidence that would suggest otherwise. Based on the facts as alleged and the evidence before it, the Court finds that the Defendant Officers did not conduct an illegal search.

### IV. CONCLUSION

Plaintiff filed a Complaint challenging the legality of his arrest for violating a restraining order. When Defendants moved for summary judgment, Plaintiff filed a partial response six weeks after it was due. After reviewing the facts before it, the Court determined that Defendants are entitled to summary judgment on all of Plaintiff's constitutional and state law claims.

**THEREFORE**,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment (Doc. 24) is **GRANTED**.

_____
**ROBERT C. BRACK**
UNITED STATES DISTRICT JUDGE